UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS SMOGONOVICH, *et al.* <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF BOISE, *et al.* <br><br> Defendants. | Civil No. 09-11-S-EJL <br><br><br> **ORDER AND** <br><br> **REPORT AND RECOMMENDATION** |

Currently pending before the Court is Plaintiff's Application for In Forma Pauperis Status (Docket No. 1). The District Court has referred this action to the undersigned for all pretrial matters. (Docket No. 5). Accordingly, having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Order and Report and Recommendation.

## I. BACKGROUND

This case is about an eviction notice that the tenant alleges violated his federal constitutional and statutory rights, because: (1) it was filed in retaliation against the tenant for making a complaint about housing maintenance issues and (2) it contained incorrect information regarding the time required under federal regulations prior to filing state court eviction proceedings. *See Complaint*, pp. 1-4 (Docket No. 2). Plaintiff, Thomas E. Smogonovich, together with his two minor children, B.S. and J.S., live in housing provided by the City of Boise and the United States Department of Housing and Urban Development ("HUD"). *Id.* at 3-4. The thirteen named Defendants are: (1) the City of Boise; (2) Mary Elizabeth Watson, Deputy City

**ORDER AND REPORT AND RECOMMENDATION- p.1**

Attorney; (3) Cary B. Colaianni, City Attorney; (4) Jim A. Birdsall, Boise City Housing and Development Manager; (5) Jeff Street, Boise City Housing Manager; (6) Tami Dodel, Boise City Housing Property Manager; (7) David H. Beiter, Mayor of Boise; (8) David Eberle, City Council President; (9) Elaine Clegg, City Councilperson; (10) Vern Bisterfeldt, City Councilperson; (11) Maryanne Jordan, City Councilperson; (12) Alan Shealy, City Councilperson; and (13) Jim Tibbs, City Councilperson.  *Id.* at p. 1.  All individual Defendants are being sued in their official and individual capacities.  *Id.*

Smogonovich alleges that he made a "complaint to Boise City housing management about maintenance issues" at his apartment complex and "[w]ithin a matter of days" Boise City Attorney Mary Elizabeth Watson ("Watson") retaliated against him by filing notices of eviction that violated federal regulations.  *Id.* at pp. 4-5.  Specifically, Smogonovich alleges that he was served, "on one or more occasions" with a copy of an eviction notice by mail and posted on his door indicating that he had three days to pay his rent or deliver possession of the property.  *Id.* at p. 12.  Smogonovich further alleges that Watson "has routinely and in multiple cases against tenants- for years- illegally filed her further evictions proceedings within three days to two weeks of eviction notice in direct violation of the mandatory 30 day period specified in, 24 CFR § 274.4."  *Id.* at 13.

Based on these facts, Smogonovich makes a claim against all Defendants for "intentional deprivations of Petitioner's civil rights, under color of law, via the witting and unwitting participation in conspiracy in deprivation of civil rights."  *Id.* at 1.  For relief, Smogonovich seeks monetary damages in the millions of dollars.  *Id.* at pp. 16-17.

**ORDER AND REPORT AND RECOMMENDATION- p.2**

### III.   IN FORMA PAUPERIS PETITION

Smogonovich seeks to bring this suit in forma pauperis, meaning without payment of the applicable fees.  *See Petition to Proceed in Forma Pauperis and Affidavit of Indigency in Support*  (Docket No. 1).  For the reasons set forth below, the Court will grant the Petition.

**A.   Standard**

Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor."  28 U.S.C. § 1915(a)(1).  In order to qualify for in forma pauperis ("IFP") status, the plaintiff must submit an affidavit that includes a statement of all assets he possesses and that he is unable to pay the fee required.  *Id.*

The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependants "with necessities of life."  *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948).  The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty."  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted).

**B.   Discussion**

Here, Smogonovich states that he receives monthly income of $ 544.80 per month to care for himself and two minor children living with him.  *Affidavit of Indigency in Support*, p.2 (Docket No. 1-2).  He also describes moderate expenditures and a level of debt that significantly outweigh his monthly income.  *Id.*  Accordingly, the Court will grant IFP status to Smogonovich.

**ORDER AND REPORT AND RECOMMENDATION- p.3**

## IV. INITIAL REVIEW

**A.    Standard**

Once the Court has granted a plaintiff's IFP application, the Court must conduct an initial review of the complaint. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Because Smogonovich is proceeding pro se, the Complaint must be liberally construed and he must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if the Complaint can be saved by amendment, then Smogonovich should be notified of the deficiencies and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

**B.    Discussion**

   **1.    Smogonovich Cannot Appear Pro Se on Behalf of His Minor Children**

In the Complaint, there are three named Plaintiffs: Smogonovich and his two minor children, B.S. and J.S. Smogonovich brings this action pro se, meaning he does not have an attorney and will act as his own counsel. As explained more fully below, Smogonovich, a non-lawyer, may represent his own interests but may not represent those of his children.

As a preliminary matter, minor children cannot bring their own claims in court. *See* Fed. R. Civ. P. 17(b)(1), (c); Idaho Code § 5-306.[1] However, a representative "may sue or defend on

---

[1] Idaho Code § 5-306 provides, "When an infant or an insane or incompetent person is a party, he must appear either by his general guardian or by a guardian ad litem appointed by the court in which the action is pending in each case, or by a judge thereof, or a probate judge."

**ORDER AND REPORT AND RECOMMENDATION- p.4**

behalf of a minor" and "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed.R.Civ.P. 17(c).

Here, Smogonovich seeks to represent both his interests as well as those of his children. Assuming that Smogonovich is the children's legal guardian and their interests do not conflict, he may represent the children's interests. However, Smogonovich, a non-attorney, may not appear as legal counsel for the children.

A litigant in federal court has a right to act as his or her own counsel. *See* 28 U.S.C. § 1654 (1982) ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel. . . ."). This right is personal and the statute "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2nd Cir. 1990) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998)("[B]ecause pro se means to appear for one's self a person may not appear on another person's behalf in the other's cause.")).

This rule applies to all litigants, including parents seeking to appear *pro se* on behalf of their children. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *Cheung*, 906 F.2d at 61; *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)(per curiam); *Tindall v. Poultney high School*, 414 F.3d 281, 284 (2nd Cir. 2005). "[U]nder Fed.R.Civ.P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Meeker*, 782 F.2d at 154.

Thus, Smogonovich may not serve as the minor children's counsel. In order to bring a lawsuit on his children's behalf, Smogonovich must hire an attorney. *See Johns*, 114 F.3d at 877

**ORDER AND REPORT AND RECOMMENDATION- p.5**

("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"). While the Court has discretion to appoint legal counsel, doing so is not appropriate in this case. Smogonovich alone has the capacity to enter into a landlord-tenant relationship with the City of Boise and the claims in the Complaint are based on this relationship. His children are not in that contractual relationship and there is nothing in the Complaint to suggest that, even if they were to be represented by counsel, the children have standing to pursue independent claims. Smogonovich is the only appropriately-named Plaintiff. Therefore, it is recommended that the district court dismiss the minors from the lawsuit, without prejudice. *See Id.*; *Lipsman ex. rel. Lipsman v. New York City Bd. of Educ.*, 13 Fed.Appx 13 (2nd Cir. 2000) (affirming dismissal of child's claims brought by parent representative because child not represented by attorney).

### 2. The Allegations Do Not Support Claims Against Eleven of the Defendants

Smogonovich brings this Section 1983 lawsuit against thirteen Defendants. As explained more fully below, the only claims with enough substance to survive an initial review are those made against the City of Boise and Defendant Watson. Therefore, it is recommended that the district judge dismiss the remaining claims, without prejudice, because they fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Federal law provides that "[e]very person who, under color of [law], subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . or other proper proceeding for redress." 42 U.S.C. § 1983. Fundamentally, "to sustain an action under 42 U.S.C. § 1983, a plaintiff must show (1) that the conduct complained

**ORDER AND REPORT AND RECOMMENDATION- p.6**

of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 206) (quoting *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989)).

      Municipalities and other local government units are "persons" to whom Section 1983 applies. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690 (1978). Nonetheless, a municipality will not be held liable under Section 1983 for the acts of an employee absent an institutional policy or custom that results in a constitutional deprivation. *Id.* "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief  where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers." *Id.*  The municipal policy that results in municipal liability need not be formal or official.  Local governments may be sued "for constitutional deprivations visited pursuant to government 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Id.* at 690-91.

      Significantly, the mere invocation of Section 1983 does not, alone, create an independent, substantive claim. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004).  Rather, Section 1983 is "the vehicle whereby plaintiffs can challenge actions by government officials." *Id.*  In other words, "the statute provides the citizen with an effective remedy against those abuses of state power that violate federal law." *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 119 (1992).  Thus, there must be an underlying violation of Plaintiff's federal constitutional or statutory rights to sustain a claim under 42 U.S.C. § 1983.

**ORDER AND REPORT AND RECOMMENDATION- p.7**

In the context of screening Smogonovich's claims, in this initial review, the Court assumes that he has alleged a right protected under Section 1983. With the benefit of such an assumption, the allegations in the Complaint are sufficient to state a claim for relief against the City of Boise.

Smogonovich alleges that the City repeatedly violated the statutory requirements for notices of eviction, claiming that Defendant Watson, a Boise City Attorney, "has routinely and in multiple cases against tenants- for years- illegally filed her further evictions proceedings within three days to two weeks of eviction notice in direct violation of the mandatory 30 day period specified in, 24 CFR § 274.4." *Complaint*, p. 13 (Docket No. 2). From the allegations of repeated violations and giving Smogonovich the benefit of the doubt, one may infer that a custom was in place that deprived Smogonovich of his federal rights. *Cf. Christie v. Iopa*, 176 F.3d 1231, (9th Cir. 1999) (holding plaintiffs did not satisfy requirement of longstanding policy or custom, because alleged county official singled them out for unique treatment). Therefore, the allegations in the Complaint against the City of Boise are sufficient to withstand an initial review.

At this juncture in the proceedings, these allegations also are sufficient to uphold the claims against Defendant Watson. Defendant Watson is the only Defendant specifically identified in the Complaint and the allegations directly connect her with the eviction notices that allegedly violated Smogonovich's federal rights. Therefore, to the extent Smogonovich has met his pleading burden and alleged facts sufficient to support a claim against the City of Boise, he has also met his burden in pleading facts sufficient to support the claims against Watson.

**ORDER AND REPORT AND RECOMMENDATION- p.8**

In contrast, Smogonovich's allegations are not sufficient to support a Section 1983 claim against any of the 11 remaining individual Defendants. The remaining Defendants include the following individuals, named in both their official and personal capacities: (1) Cary B. Colaianni, City Attorney; (2) Jim A. Birdsall, Boise City Housing and Development Manager; (3) Jeff Street, Boise City Housing Manager; (4) Tami Dodel, Boise City Housing Property Manager; (5) David H. Beiter, Mayor of Boise; (6) David Eberle, City Council President; (7) Elaine Clegg, City Councilperson; (8) Vern Bisterfeldt, City Councilperson; (9) Maryanne Jordan, City Councilperson; (10) Alan Shealy, City Councilperson; and (11) Jim Tibbs, City Councilperson. *Complaint*, p. 1 (Docket No. 2). Smogonovich does not allege any specific acts attributed to these individual Defendants but alleges that each of the them is an officer or employee of the City of Boise and should be held liable for the alleged constitutional deprivations, because they:

> (1) "hold either direct management or direct supervisory responsibility to ensure that the United States Codes and Codes of Federal Regulations applicable to the management and tenants of HUD sponsored housing projects are adhered to at all times;" and
>
> (2) "each hold individual responsibility to know the contractual requirements and applicability of the applicable United States Codes and Codes of Federal Regulations applicable to their positions of management of a HUD financed and sponsored housing project."

*Id.* at p. 3. These allegations are insufficient, as a matter of law, to support a claim against the remaining Defendants either in their official or personal capacities.

**ORDER AND REPORT AND RECOMMENDATION- p.9**

As a preliminary matter, Smogonovich's argument for liability against these appears to be premised upon negligence or inaction and such allegations are inconsistent with a section 1983 action against municipal employees in their official capacities. "[A] local governmental body may be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional rights." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). However, the policy of inaction must be more than mere negligence, see *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986); it must be a conscious or deliberate choice among various alternatives. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir.2001).

> To impose liability on a local governmental entity for failing to act to preserve constitutional rights, a section 1983 plaintiff must establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'

*Oviatt*, 954 F.2d at 1474 (quoting *City of Canton*, 489 U.S. at 389-91).

Here, Smogonovich seems to suggest that the remaining Defendants are liable under Section 1983 due to the fact that they were responsible for but did not ensure that the correct HUD regulations were applied. To be read inferentially, in a manner for the benefit of Smogonovich, would have the Court accept a premise that the elected officials and department heads of a large city were somehow involved in either directing or condoning a practice of handling eviction notices associated with a public housing facility in such a way as to intend to violate or be *deliberately* indifferent to Smogonovich's constitutional rights. Such a reading stretches too far the almost entirely bare nature of the allegations against the other individuals

**ORDER AND REPORT AND RECOMMENDATION- p.10**

and is inconsistent with the requirements for an inaction claim, which require more than mere negligence, even if negligence itself could be reasonably inferred. Therefore, it is recommended that the official capacity claims against the eleven remaining Defendants should be dismissed without prejudice.

Secondly, a suit against a municipal officer or other employee in his official capacity is really just another way of suing the municipality. *See Chaloux v. Killeen*, 886 F.2d 247, 250 (9th Cir. 1989) (citing *Monell*, 436 U.S. at 690, n. 55 ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.")) When a municipal official is sued in his official capacity, it is the municipality that is ultimately liable for any constitutional harm." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, it has been said that "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 165-66. Accordingly, dismissing the remaining Defendants in their official capacities will not affect Smogonovich's ability to recover for any alleged constitutional deprivations allegedly occasioned by these individuals acting in their official capacities, because such liability will be borne by the City of Boise.

Finally, Smogonovich's allegations are also insufficient to support personal-capacity claims against the remaining Defendants. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Id.* A person deprives another of a constitutional right when that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978). Direct participation is required, but the "requisite causal connection can be

**ORDER AND REPORT AND RECOMMENDATION- p.11**

established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* at 743-44; *see also Fuller v. County of Orange*, 276 Fed.Appx. 675, 678-79 (9th Cir. 2008).

In limited circumstances, a person can also be subject to Section 1983 liability for the acts of others. Although there is no pure respondeat superior liability under 42 U.S.C. § 1983, a supervisor is liable for the constitutional violations of subordinates "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). The bottom line, recently announced by the Supreme Court, is that to support a claim under 42 U.S.C. § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, (May 18, 2009).

In the instant case, the allegations do not meet this standard. Even giving Smogonovich every benefit of the doubt, it is impossible to conclude from the facts alleged how any of the remaining Defendants, through his or her own actions, violated Smogonovich's rights. Therefore, the claims against the remaining Defendants, in their personal and official capacities, should be dismissed.

### 3. Criminal Penalties

Smogonovich also argues that Defendants actions give rise to criminal liability pursuant to 24 CFR §§ 401.200, 401.311 and 18 U.S.C. § 1001. *See Complaint*, p. 15 (Docket No. 2). Even if applicable, these criminal statutes cannot form a basis for civil liability.

**ORDER AND REPORT AND RECOMMENDATION- p.12**

Smogonovich cites to 24 CFR §§ 401.200 and 401.311, HUD regulations that relate to the qualifications and standards of conduct applicable to a Participating Administrative Entity ("PAE") in connection with the performance of a Portfolio Restructuring Agreement ("PRA"). Pursuant to 24 C.F.R. § 401.311(c), "whoever knowingly and willingly falsifies a material fact, makes a false statement or utilizes a false writing in connection with a PRA is subject to criminal sanctions." Smogonovich offers no connection between these regulations and the allegations in the Complaint and there is no such connection readily apparent to the Court. On this basis alone, they should be dismissed for failure to state a claim.

In addition, the more general federal criminal fraud statute, 18 U.S.C. § 1001, cannot form a basis for civil liability. *Federal Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 138 (4th Cir.1987); *Johnson v. Cullen*, 925 F.Supp. 244, 251 (D. Del. 1995); *Williams v. McCausland*, 791 F.Supp. 992, 1000 (S.D.N.Y. 1992). Therefore, any claims based upon an alleged violation of criminal code 18 U.S.C. § 1001, must be dismissed.[2]

## V. CONCLUSION

In sum, Smogonovich is entitled to proceed in forma pauperis. Therefore, the Court has conducted an initial review of the Complaint and recommends that the district court dismiss those claims set forth by the minor Plaintiffs and all claims made against eleven of the thirteen named Defendants. The only claims remaining are those made by Smogonovich against the City of Boise and Defendant Watson in her personal and official capacities.

---

[2] Smogonovich also makes a passing reference to, 18 U.S.C. § 207, another criminal statute that relates to conflicts of interest and related restrictions on former officers, employees, and elected officials in the executive and legislative branches. To the extent Smogonovich relies upon this statute in support of a claim, the claim should be dismissed, because it does not apply to the alleged facts and is a criminal statute that does not support a private cause of action.

**ORDER AND REPORT AND RECOMMENDATION- p.13**

## VI.  ORDER

Plaintiff's *Petition to Proceed in Forma Pauperis and Affidavit of Indigency in Support* (Docket No. 1) is hereby GRANTED.

## V.  RECOMMENDATION

The undersigned recommends that the district judge:

(1) dismiss the minor children plaintiffs from this lawsuit without prejudice;

(2) dismiss the following Defendants from this lawsuit without prejudice:  Cary B. Colaianni, City Attorney; Jim A. Birdsall, Boise City Housing and Development Manager; Jeff Street, Boise City Housing Manager; Tami Dodel, Boise City Housing Property Manager; David H. Beiter, Mayor; David Eberle, Councilperson; Elaine Clegg, Councilperson; Vern Bisterfeldt, Councilperson; Maryanne Jordan, Councilperson; Alan Shealy, Councilperson; and Jim Tibbs, Councilperson; and

(3) dismiss with prejudice any criminal claims in this civil lawsuit.

DATED:  **June 23, 2009**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**ORDER AND REPORT AND RECOMMENDATION- p.14**